**The ORDER OF RAILROAD TELEGRA-PHERS, Plaintiff,**

v.

**NEW ORLEANS, TEXAS & MEXICO RAILWAY COMPANY, Debtor, Guy A. Thompson, Trustee, Defendant.**

Civ. No. 8447(3).

United States District Court
E. D. Missouri, E. D.

June 16, 1954.

Lester P. Schoene, Washington, D. C., and George A. McNulty, St. Louis, Mo., for plaintiff.

Thomas T. Railey, St. Louis, Mo., for defendant.

HARPER, District Judge.

The plaintiffs seek the enforcement of an award and order of the National Railroad Adjustment Board, No. 4734. In 1943 the Brotherhood of Railway and Steamship Clerks (hereinafter referred to as BRS) obtained an award and order 2254 by the National Railroad Adjustment Board, which held that the carrier was violating the Clerks' Agreement at Anchorage, Louisiana, with respect to the assignment of work. The plaintiff in this court filed suit to declare Award 2254 invalid, to enjoin the enforcement of the award and to declare the contract between BRS and the carrier upon which Award 2254 was based void, and to enjoin the enforcement of the contract. The injunctive relief sought was denied, 8 Cir., 156 F.2d 1, but the Court of Ap-

peals held that the decision of the District Court dismissing the petition, 61 F. Supp. 869, be stayed until an opportunity was given plaintiff for application to the Railroad Adjustment Board for interpretation of the plaintiff's agreement. The plaintiff chose not to file an application with the Board and its suit was dismissed with prejudice. Subsequent to the dismissal of the suit after the members of BRS had taken over the work in accordance with Award 2254, which the plaintiff's members formerly performed, the plaintiff sought interpretation of its contract by the Railroad Adjustment Board, which resulted in the award and order 4734, sustaining the plaintiff's interpretation of its contract awarding its members the work, which award and order is sought to be enforced in this suit.

Jurisdiction is present in the case by virtue of 45 U.S.C.A. § 153 First (p).

Simply stated, the BRS contract with the carrier and the plaintiff's contract with the carrier overlapped. Both contracts proposed to cover the same work at Anchorage, Louisiana, and the National Railroad Adjustment Board has sustained both BRS and the plaintiff in their interpretation of their respective contracts with respect to the work in question. Award 2254 was entered without the plaintiff being a party to the hearing and Award 4734 was entered without BRS being a party to the hearing.

The 8th Circuit Court of Appeals in Brotherhood of Railroad Trainmen v. Templeton, 181 F.2d 527, loc. cit. 534, in dealing with an award where a somewhat similar situation to the one presented here was involved, approved conclusions of law by the District Court, as follows:

"That the aforesaid awards of the National Railroad Adjustment Board, First Division, are illegal and void, in that they were rendered by said Board, in violation of Section 3(j), Title 45, U.S.C.A. § 153 (j), of the Railway Labor Act, because plaintiff and the members of the class whom he represents involved in said proceedings, were given no notice thereof, or afforded an opportunity to be heard therein, either in person or by counsel.

"'Compliance by the Santa Fe with the provisions of said awards deprives plaintiff and the class he represents, of property rights without due process of law, in violation of the Fifth Amendment to the Constitution of the United States.'"

The 8th Circuit Court of Appeals in approving the District Court's conclusions of law referred to above, cites Hunter v. Atchison, Topeka & Sante Fe Railway, 171 F.2d 594, wherein the 7th Circuit Court of Appeals held a similar award void. In the case of Missouri, Kansas, Texas R. Co. v. Brotherhood of Ry. & S. S. Clerks, 7 Cir., 188 F.2d 302, the court was concerned with an appeal from an injunction issued temporarily enjoining the clerks from prosecuting any suit to enforce awards entered in its favor by the National Railroad Adjustment Board. The carrier brought the action because awards had been entered in favor of both the clerks and the telegraphers covering the same jobs in the interpretation of respective contracts. In upholding the granting of a temporary injunction, the court said, loc. cit. 305–306:

"The dilemma here posed results in large part from the refusal of the Board to bring both groups of claimants before it in one proceeding. Judging from a number of opinions accompanying awards and orders which were introduced as evidence in this cause, it appears to have been generally assumed that the Board has no authority under the Act to consider two agreements simultaneously, each in the light of the other. However, we are convinced from our examination of the Act that it does not require such construction. It has been stated that the rules of the Board which it is authorized to promulgate under § 3, First (u) forbid such procedure. However, we have been cited to no

such rule and doubt its existence in view of the fact that it appears that the Board itself has generally deadlocked on the question, with the carrier members consistently upholding the view that where a claim is filed against a carrier by a labor group contemplating the ousting of other employees in favor of the claimant, those other employees sought to be ousted have a vital interest in the proceeding and, under § 3, First (j) of the Act, a right to notice and opportunity to participate in the hearing before the Board. The labor members have with equal consistency denied this contention. We think logic and reason support the carriers' construction of § 3, First (j) which provides that the Board shall give due notice of all hearings 'to the employee or employees and the carrier or carriers involved in any disputes submitted to them.' We can think of no employee having a more vital interest in a dispute than one whose job is sought by another employee or group of employees.

"Obviously it is desirable to settle controversies such as these involving so-called 'overlapping contracts' on the basis of the existing contracts wherever possible instead of compelling resort to the machinery provided by § 6 for changing agreements. Of course this may not always be possible, but it is certainly much more likely to result if both parties to the dispute are brought before the Board with their respective agreements and each is considered in the light of the other, together with the usage, practice and customs of the industry, or of the particular carrier."

The Seventh Circuit Court of Appeals in Illinois Central R. Co. v. White House, 212 F.2d 22, and Allain v. Tummon, 212 F.2d 32, reiterated that an award made by the Board in the absence of due notice to the involved parties, with an opportunity accorded to be heard, is void, and enjoined its enforcement for that reason.

The award and order of the National Railroad Adjustment Board, 4734, is illegal and void, in that it was rendered by said Board without giving members of BRS notice, and without the members of BRS having an opportunity in the hearing to be heard before the National Railroad Adjustment Board.

The relief requested by the plaintiff is accordingly denied. Attorneys for defendant will prepare findings of fact, conclusions of law and judgment to be entered by the court.